UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEVANTE EPPS

VERSUS

RODERICK BROWN, ET AL.

CIVIL ACTION

NO. 24-175-JWD-SDJ

## ORDER

Defendants, Sid J. Gautreaux, III, as Sheriff of East Baton Rouge Parish, Roderick Brown, and American Alternative Insurance Corporation (collectively, "Defendants"), have filed *Defendants' Rule 12(B)(6) Motion to Dismiss* (Doc. 4) ("*MTD*") in which they argue that the claims by Plaintiff Devante Epps ("Plaintiff") should be dismissed for a number of reasons. Specifically, Defendants contend, inter alia, that: (1) Plaintiff fails to state a claim under the Eighth Amendment; (2) Plaintiff fails to adequately allege a cause of action against Deputy Brown in his individual capacity because Plaintiff fails to plead (a) that Brown was personally involved, (b) that Plaintiff suffered a serious medical need, and (c) that Brown was deliberately indifferent to any need; and because, in any event, Brown is entitled to qualified immunity; (3) Plaintiff fails to state a viable claim against Brown in his official capacity; (4) Plaintiff fails to sufficiently allege a claim against Sheriff Gautreaux in his individual or official capacity; (5) the claim against the EBRSO fails because it has no legal capacity to sue or be sued; (6) the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; and (7) Plaintiff cannot generate new claims in his opposition memorandum. (*See* Docs. 4-1, 7) Defendants thus argue that the *First Amending and Supplemental Petition for Damages* (Doc. 1-6 at 76) ("*FASP*") is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiff maintains that his *FASP* withstands the challenges raised in the *MTD*. (*See* Doc. 6.) Plaintiff does not specifically request leave to amend to cure any deficiencies detailed in the *MTD* should the *MTD* be granted. (*See id.*)

The Court reviewed the motion. Without expressing any view as to its merits, the Court affords Plaintiff an opportunity to cure the purported pleading defects; the Court grants Plaintiff leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *See Jordan v. Gautreaux*, No. 21-48, --- F. Supp. 3d ----, 2022 WL 895720, at *30–31 (M.D. La. Mar. 25, 2022) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court).

An amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 680. The amended complaint should also be **self-contained** and include all allegations and claims made by Plaintiff against Defendants. Plaintiff will be given **fourteen (14) days** in which to amend the operative petition to plead viable claims with jurisdiction. Defendants will have **fourteen (14) days** thereafter to file any responsive pleadings.

The Court specifically cautions counsel for Plaintiff that his response to the *MTD* contains what appears on the surface to be several immaterial arguments. The Court cautions counsel for Plaintiff to stick as well as possible to the specific issues that are relevant to deciding any motion. Further, Plaintiff's counsel must have a good faith basis in law or fact to assert claims; failure to abide by this rule could result in the imposition of sanctions. *See* Fed. R. Civ. P. 11.

Finally, this case was originally filed in September of 2022, (Doc. 1-3 at 2), and the petition has been amended before, (*see* Doc. 1-2). If Defendants file a second motion to dismiss which the Court ultimately grants, it is highly likely the Court will dismiss the claims with prejudice as futile

and because of undue delay.

Accordingly, **IT IS ORDERED** that *Defendants' Rule 12(B)(6) Motion to Dismiss* (Doc. 4) is **DENIED WITHOUT PREJUDICE.** Defendants can re-urge any argument made in their *MTD* in response to an amended complaint, if appropriate.

Signed in Baton Rouge, Louisiana, on January 30, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**